IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CENTURY SURETY CO., :
    Plaintiff : Civil Action No. 1:10-cv-00943
: (Chief Judge Kane)
:
v. :
:
BTCD AUTO SALES LLC, et al., :
    Defendants :

**MEMORANDUM**

Before the Court is Plaintiff Century Surety Corporation's motion for default judgment. (Doc. No. 17.) As the Defendants have yet to appear or defend in this action, there is no opposition to the motion. For the reasons that follow, the Court will grant the motion.

**I.    BACKGROUND**

    **A.  Factual Background**

Defendant BTCD Used Auto Sales LLC ("BTCD") is a used auto sales business located in Dover, Pennsylvania. (Doc. No. 1 ¶ 10.) Plaintiff issued a Commercial Garage Coverage Liability Policy ("the policy") to BTCD for the period of November 9, 2009 to November 9, 2010. (Id. ¶ 23.) The policy lists BTCD as an insured, as well as anyone using a covered automobile with the permission of BTCD. (Doc. No. 1-3, Ex. B at 3.) The policy covers "all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from 'garage operations' involving the ownership, maintenance or use of covered 'autos.'" (Id.) The policy defines "garage operations" as "the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations" as well as "all operations

1

necessary and incidental to a garage business." (Id. at 15.) The policy excludes coverage for personal use by unscheduled drivers. (Id. at 1.)

At one time, Joseph Fitzgibbon had a salesman's agreement with BTCD. (Doc. No. 1 ¶ 11.) However, at the time of the accident for which coverage is sought, Joseph Fitzgibbon was not an employee of BTCD and had not had a salesman's agreement with BTCD for two years. (Id.) Sean Fitzgibbon is the adult son of Joseph Fitzgibbon. (Id. ¶ 12.) Sean Fitzgibbon was never a salesman, employee, independent contractor, or agent of BTCD. (Id.) Joseph Fitzgibbon kept six automobiles that he had purchased for, and in the name of, BTCD at various locations. (Id. ¶ 13.) One such vehicle was a Chevrolet Malibu. (Id.) On October 7, 2009, at approximately 2:30 a.m., Sean Fitzgibbon drove the Chevrolet Malibu at a high rate of speed while under the influence of drugs or alcohol. (Id. ¶ 14.) At that time, Sean Fitzgibbon struck a car driven by Robert Burdette. (Id.) Robert Burdette sustained serious injury as a result of the accident and passed away on November 1, 2009. (Id. ¶ 15.)

The Estate of Robert Burdette instituted suit in the Circuit Court of Maryland for Anne Arundel County against BTCD, Joseph Fitzgibbon, and Sean Fitzgibbon for damages sustained as a result of the accident ("the underlying action"). (Id. ¶ 19.) BTCD requested defense and indemnification under the policy for the claims alleged in the underlying action. (Id. ¶ 20.) Plaintiff provided a defense to BTCD pursuant to a Reservation of Rights. (Id.) Since the filing of Plaintiff's complaint, BTCD has been dismissed from the underlying action.[1] (Doc. No. 17-11 ¶ 7.) Both Joseph and Sean Fitzgibbon requested defense and indemnification under the policy

---

[1] The Court notes that BTCD has agreed not to oppose Plaintiff's motion for default judgment and Plaintiff has agreed not to seek reimbursement of counsel fees it has paid on behalf of BTCD in the underlying action. (Doc. No. 17-11, Ex. D.)

2

for the claims alleged in the underlying action. (Doc. No. 1 ¶¶ 21, 22.) Plaintiff has disclaimed coverage and is not providing a defense to Joseph or Sean Fitzgibbon. (Id.)

### B. Procedural Background

Plaintiff filed the complaint in this action on May 3, 2010, alleging that it was entitled to declaratory judgment that it had no duty to defend or indemnify Defendants in connection with the underlying action. (Doc. No. 1.) Although the record shows that Defendants were properly served with the summons, complaint, and other pertinent documents, (Doc. Nos. 5, 6, 13), no Defendant has appeared, answered, moved, or otherwise responded to the pleading. After several months without response from Defendants, Plaintiff requested and the clerk entered default against the Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. Nos. 9, 10, 16.) Now before the Court is Plaintiff's motion for entry of default judgment. (Doc. No. 17.) Plaintiff has filed a certificate of concurrence as to BTCD and of nonconcurrence as to Joseph and Sean Fitzgibbon pursuant to Local Rule 7.1. (Doc. No. 17-11.)

## II. DISCUSSION

Rule 55(b) of the Federal Rules of Civil Procedure provides for entry of default judgment against a defendant who has not appeared and who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b). Entry of default does not entitle a claimant to default judgment as matter of right. Moore's Federal Practice § 55.31 (2010). Even when a party has defaulted and all of the procedural requirements for a default judgment are satisfied, the decision to either render default judgment or refuse to render default judgment rests in the discretion of the district court. See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987). In undertaking this evaluation, the Court must consider: (1) whether the plaintiff will be prejudiced if the default is

denied; (2) whether the defendant has a meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable. See e.g., Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). However, when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant to Rule 55(c). As the Third Circuit has explained:

> In most instances where a party's right to prosecute or defend would be terminated as a sanction, the moving party has the burden of creating a record showing the appropriateness of this ultimate sanction and the district court has the responsibility of making a determination on that issue in light of considerations like those articulated in Poulis. When a defendant fails to appear and perhaps under other circumstances covered by Rule 55, the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred. Even in those situations, however, consideration of Poulis type factors is required if a motion to lift the default is filed under Rule 55(c) or Rule 60(b) and a record is supplied that will permit such consideration.

Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

Here, it is clear that the factors weigh in favor of granting a default judgment. First, there is a risk of prejudice to Plaintiff if default is denied. Plaintiff argues, and the Court agrees, that without resolution of this declaratory judgment action Plaintiff would be forced to either pay the costs of defending the underlying action, or to pay the costs without having any control over the underlying defense. (Doc. No. 18 at 8.)

Second, Defendants have not asserted any defense, either by answering the allegations in the complaint or by opposing the present motion for entry of default judgment. Additionally, after reviewing the language of the policy at issue and Plaintiff's arguments, it does not appear

4

that Defendants have a meritorious defense to this action. The policy only provides coverage to the driver of an insured vehicle when the Named Insured gives the driver permission to operate the vehicle. (Doc. No. 1-3, Ex. B at 3.) Here, Sean Fitzgibbon was not an employee of BTCD, the Named Insured, and did not have permission to drive the vehicle. (Doc. No. 1 ¶¶ 12, 16.) Further, the policy only provides coverage for an accident "resulting from 'garage operations' involving the ownership, maintenance, or use of covered 'autos.'" (Doc. No. 1-3, Ex. B at 3.) Here, the facts of the underlying action clearly demonstrate that Sean Fitzgibbon's use of the vehicle not incidental to BTCD's garage operations. (Doc. No. 1 ¶¶ 17, 18; Doc. No. 1-2, Ex. A ¶¶ 7-9.) The accident occurred when a person who was never employed by BTCD operated the vehicle at a place away from BTCD's premises, well after business hours. (Doc. No. 18 at 10.) Finally, the policy includes an exclusion for personal use by unscheduled drivers. (Doc. No. 1-3, Ex. B at 15.) The only two individuals named as scheduled drivers and therefore entitled to receive coverage when operating a vehicle for personal use are Allan Pinkerton and Sal Delascasa. (Id.) John and Sean Fitzgibbon are not named as individuals entitled to receive coverage when operating a vehicle for personal use.

Finally, the Court can find no excuse or reason for Defendants' default other than their own conduct. The Plaintiff has shown that Defendants were personally served with all of the required documents several months ago. (Doc. Nos. 5, 6, 13.) Despite this, Defendants have neither engaged in the litigation process nor offered any reason for their failure to appear. The Court therefore finds that Defendants are personally culpable for their failure to appear and that there is no basis in the record to excuse this conduct. Accordingly, the Court finds that default judgment is due.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's request for default judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CENTURY SURETY CO.,** | : | |
| **Plaintiff** | : | Civil Action No. 1:10-cv-00943 |
| | : | (Chief Judge Kane) |
| **v.** | : | |
| | : | |
| **BTCD AUTO SALES LLC, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**NOW**, on this 6th day of December 2010, having considered the Plaintiff's motion for entry of default judgment (Doc. No. 17), and for the reasons set forth in the Court's memorandum opinion filed herewith, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion (Doc. No. 17) is **GRANTED**.

2. Plaintiff has no obligation to defend or indemnify BTCD in connection with the suit by John Hutchinson, Individually and as Personal Representative of the Estate of Robert Francis Malcom Burdette and Barbara Burdette in the Circuit Court of Maryland for Anne Arundel County Civil Action Number C-10-149618.

3. Plaintiff has no obligation to defend or indemnify Joseph K. Fitzgibbon in connection with the suit by John Hutchinson, Individually and as Personal Representative of the Estate of Robert Francis Malcom Burdette and Barbara Burdette in the Circuit Court of Maryland for Anne Arundel County Civil Action Number C-10-149618.

4. Plaintiff has no obligation to defend or indemnify Sean K. Fitzgibbon in connection with the suit by John Hutchinson, Individually and as Personal Representative of the Estate of Robert Francis Malcom Burdette and Barbara Burdette in the Circuit Court of Maryland for Anne Arundel County Civil Action Number C-10-149618.

5. The Clerk of Court is directed to close this case.

                                               s/ Yvette Kane
                                               Yvette Kane, Chief Judge
                                               United States District Court